Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| OSBELI L., <br><br> Petitioner, <br><br> v. <br><br> CHARLES GREEN, <br><br> Respondent. | Civil Action No. 18-2579 (ES) <br><br> OPINION |

**SALAS, DISTRICT JUDGE**

Petitioner Osbeli L. ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Essex County Correctional Facility in Newark, New Jersey. On February 23, 2018, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his prolonged detention pending removal. (D.E. No. 1, Petition ("Pet")). For the reasons stated below, the Court will deny the Petition.

**I. BACKGROUND**

Petitioner is a native and citizen of Guatemala who initially entered the United States without inspection in 2003. (Pet. ¶ 12). He was placed in removal proceedings in 2009, by service of a notice to appear dated August 27, 2009. (*Id.*). Respondent appeared before the Court and submitted Form I-589, Application for Asylum, Withholding of Removal and protection under the Convention Against Torture. (*Id.*). Thereafter, Petitioner was granted Deferred Action for Childhood Arrivals. (*Id.*).

On April 30, 2014, Petitioner was convicted on two counts of driving while intoxicated and on July 9, 2014, DHS again took Petitioner into custody. (D.E. No. 5, Respondent's Answer ("Answer") at 3). After paying his bond, Petitioner was released on July 10, 2014. (*Id.*). In October 24, 2016, following a February 26, 2016 conviction for operating a motor vehicle while under the influence of alcohol, DHS again took Petitioner into custody. (*Id.*).

On December 7, 2016, Petitioner received a bond hearing and the Immigration Judge denied his request, concluding that Petitioner failed to establish that he was not a danger to the community or a flight risk. (*Id.* at 4). Petitioner did not appeal the denial to the Board of Immigration Appeals. (*Id.*). Petitioner received a second bond hearing on February 15, 2017, and the Immigration Judge again denied his request. (*Id.*). Petitioner appealed this decision to the BIA, which dismissed his appeal. (*Id.* at 5). On February 7, 2018, Petitioner received a third bond hearing, where the Immigration Judge found that she did not have jurisdiction over his request because there had been a final administrative order in his case on December 11, 2017 concerning his applications for protection and relief from removal. (*Id.* at 5-6). The Immigration Judge nevertheless concluded that Petitioner remained a flight risk and danger to the community. (*Id.*). Petitioner did not appeal that order.

On February 23, 2018, Petitioner filed the instant habeas Petition. (D.E. No. 1). He is challenging the Immigration Judge/DHS's conclusion that he is currently being held pursuant to § 1231 and therefore not entitled to a bond hearing. More specifically, he argues that after the Immigration Judge denied his applications for withholding of removal and relief pursuant to the Convention Against Torture on June 29, 2017, he appealed that denial to the BIA. When the BIA dismissed his appeal on December 11, 2017, he filed a petition for review with the Third Circuit on December 18, 2017. He also filed a motion for a stay and, pursuant to the Third Circuit's

internal procedure, his removal was administratively stayed until his motion was decided. On February 15, 2017, the court granted his motion for a stay. Because his removal order was stayed by the Third Circuit at the time of his bond hearing, Petitioner argues that the Immigration Judge improperly found that he was being held under § 1231 and she did not have jurisdiction to hold a bond hearing. Instead, his detention reverted back to § 1226(a) when the Third Circuit stayed his removal order.

In the Answer, Respondent agrees that Petitioner is held pursuant to § 1226(a), but argues that Petitioner is not entitled to relief because he failed to exhaust administrative remedies and he has already been provided with the only relief available to him under § 1226(a) – a bond hearing.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject-matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241, because Petitioner (1) was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 49-95, 500 (1973); and (2) asserts that his detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

3

**B. Analysis**

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings.

Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on-
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; . . .

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

*Id.* § 1226(c)(1).

As argued by Petitioner, and conceded by Respondent, Petitioner is currently being held pursuant to § 1226(a), not § 1231, because the Court of Appeals entered a stay of removal in his immigration case. *See Leslie v. Att'y Gen. of U.S.*, 678 F.3d 265, 270 (3d Cir. 2012). Aliens held pursuant to 8 U.S.C. § 1226(a) are entitled to bond hearings at which they can secure their release if they can "demonstrate [that] they would not pose a danger to property or persons and . . . are likely to appear for any future proceedings." *Contant v. Holder*, 352 F. App'x 692, 694-96 (3d Cir. 2009); 8 C.F.R. § 236.1(c)(8). Congress specifically provided immigration officials with the discretion to grant or withhold release on bond, and "[n]o court may set aside any action or decision by [immigration officials] under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). District courts sitting in habeas review therefore have no jurisdiction to review the decision of an immigration judge denying bond. *See, e.g., Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. Jan. 5, 2016).

Thus, where a § 1226(a) detainee was provided with a bona fide bond hearing, this Court may not grant him a new bond hearing or order his release, and the petitioner seeking review of the bond decision must instead either appeal the bond denial to the Board of Immigration Appeals

or seek his release through filing a request with immigration officials for a bond redetermination. *Id.*; *see also Contant*, 352 F. App'x at 695. The only situation in which a discretionary detainee who has received a bond hearing may be entitled to habeas relief arises where the petitioner can show that his bond hearing was conducted unlawfully or without Due Process, in which case this Court may have the authority to order a new bond hearing. *See*, *e.g*, *Garcia v. Green*, No. 16-0565, 2016 WL 1718102, at *3-4 (D.N.J. Apr. 29, 2016).

Here, Petitioner has undisputedly received at least two bond hearings before immigration judges, and he does not allege that either of those were not bona fide. As such, he has received the only relief this Court can provide to him as a § 1226(a) detainee. *See Colon-Pena v. Rodriguez*, No. 17-10460, 2018 WL 1327110, at *2 (D.N.J. Mar. 15, 2018) ("This Court is aware of no caselaw in this circuit which suggests that an alien who has already received a bond hearing under 8 U.S.C. § 1226(a) is entitled to release or a new bond hearing absent a showing that he was denied Due Process at his bond hearing or that his bond hearing was otherwise unlawfully conducted") (citing *Garcia*, 2016 WL 1718102 at *3; *Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013); *Jennings v. Rodriguez*, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018)). To the extent Petitioner is dissatisfied with the immigration judge's decision at his third bond hearing, where she found that he was a danger to the community/flight risk, his remedy is to appeal that decision to the BIA or seek another bond re-determination under 8 C.F.R. § 1003.19(e) based on changed circumstances.[1] *See Pena v. Davies*, 2016 WL 74410, at *2; *Contant*, 352 F. App'x at 695.

---

[1] Any issue Petitioner had regarding the Immigration Judge's conclusion that she was also without jurisdiction to consider bond because he was subject to a final order of removal would appear to be resolved. Respondent has conceded, and this Court agrees, that he does not have a final order of removal and is instead subject to discretionary pre-removal-order detention under § 1226(a).

## III. CONCLUSION

For the foregoing reasons, the Petition is denied without prejudice. An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**